UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED HUDA,

      Plaintiff,                            Case No. 07-14351

v.                                            Honorable John Corbett O'Meara

INTEGON NATIONAL INSURANCE
COMPANY,

      Defendant.
_____/

## OPINION AND ORDER
## DENYING PLAINTIFF'S NOVEMBER 6, 2007 MOTION TO REMAND

This matter came before the court on plaintiff Mohammed Huda's November 6, 2007 motion to remand. Defendant Integon National Insurance Company ("Integon") filed a response November 9, 2007. No reply was filed. Oral argument was heard February 7, 2008.

## BACKGROUND FACTS

This lawsuit arises out of plaintiff Huda's claim for Michigan no-fault benefits and uninsured/underinsured motorist benefits following a July 22, 2007 automobile accident. Plaintiff originally filed this action in the Circuit Court for the County of Wayne, Michigan. Defendant filed timely notice of removal to this court October 12, 2007, based upon diversity of citizenship. Plaintiff Huda is a citizen of Michigan; defendant Integon is a citizen of North Carolina; and the amount in controversy is in excess of $75,000.

Pursuant to 28 U.S.C. § 1332(a), this court has federal subject matter jurisdiction over the dispute. Plaintiff argues, however, that the exception in § 1332(c) applies in this case. It provides the following:

> For the purposes of this section and section 1441 of this title–
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(emphasis added). In arguing that the exception applies in this case, Plaintiff relies on Ford Motor Co. v. Insurance Co. of North America, 669 F.2d 421 (6th Cir. 1982). In that case, Ford sued for property damage in excess of $1 million following an explosion at one of its facilities. Ford claimed that the explosion was caused by the accidental mixture of a core binder catalyst and a resin. The catalyst had been delivered to the Ford plant in a tank truck owned and operated by Refiners Transport and Terminal Corporation. Instead of suing Refiners, however, Ford sued Refiners' insurer, Insurance Company of North America. Applying the exception provided in § 1332(c), the court found that for purposes of federal subject matter jurisdiction based on diversity of citizenship, the insurer was deemed a citizen of the same state as the insured.

In this case, plaintiff Huda has sued the insurance company with whom he himself has a policy. The United States Court of Appeals for the Sixth Circuit has made it clear that in cases such as this, the action is not a "direct action" and the § 1332(c) exception does not apply. Lee-Lipstreau v. Chubb Group of Ins. Co., 329 F.3d 898 (6th Cir. 2003).

> Thus, in a Scott-Pontzer claim, the insured sues her own insurance carrier. The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity--federal courts would never hear common insurance disputes because the insured

2

> and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. We recognize that the direct action provision applies in certain situations involving insured and insurers, but we conclude that it does not apply here. This result comports with the conclusion reached by our sister circuits that when an injured party sues her own uninsured motorist carrier, it is not a direct action.

Id. at 899-900.

In this case, plaintiff Huda is a citizen of Michigan; defendant Integon is a citizen of North Carolina; and the amount in controversy is in excess of $75,000. The court has federal subject matter jurisdiction over the matter.

## **ORDER**

It is hereby **ORDERED** that plaintiff Huda's November 6, 2007 motion to remand is **DENIED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: February 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 7, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                Case Manager